

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **Larry Darnell Spears,** )<br>    Petitioner, )<br> )<br>v. )<br> )<br>**Harold W. Clarke,** )<br>    Respondent. ) | 1:13cv604 (TSE/JFA) |

## MEMORANDUM OPINION

Larry Darnell Spears, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of assault and battery on a law enforcement officer in the Circuit Court of Prince William County. By Order dated May 20, 2013, petitioner was directed to show cause why his claims should not be dismissed as procedurally barred from federal review. Petitioner has complied with those instructions by filing a response captioned "Motion of Order to Show Cause." After careful review of petitioner's response, his claims must be dismissed as procedurally barred from federal review.

### I. Background

On December 1, 2010, petitioner was arrested and charged with two counts of assault on law enforcement personnel, one count of obstructing justice without force, and one count of profane swearing or intoxication in public. Pet. Mo. Show Cause, Ex. A. At a preliminary hearing on January 26, 2011, one of the assault charges and the public swearing charge were *nolle prosequi*. Id., Ex. B. Petitioner was convicted of the remaining assault charge on June 14, 2011, following a jury trial at which he apparently represented himself. Pet. Mo. Show Cause at unnumbered p. 2. During the proceedings, petitioner "misbehaved in the presence of the Court"

and was adjudicated guilty of contempt. Id., Ex. E. On August 26, 2011, petitioner was sentenced to four years incarceration with six (6) months suspended for the assault conviction, followed by ten (10) days incarceration for contempt. Id.; Pet. at 1.

Petitioner took a direct appeal, raising the following claims:

1. The trial court erred in not allowing the prosecutor fully to comply with the Order on petitioner's Motion for Discovery.

2. The trial court erred by denying petitioner his right to cross-examine his accuser at trial.

3. The trial court erred in denying petitioner the opportunity to submit material evidence at trial.

Pet. at 3. In a *per curiam* opinion, the Court of Appeals of Virginia found that petitioner's first claim did not constitute reversible error, and it declined to consider claims two and three due to deficiencies in petitioner's assignments of error. Spears v. Commonwealth, R. No. 2116-11-4 (Va. Ct. App. June 7, 2012). Petitioner's attempt to seek review of that decision was dismissed by the Supreme Court of Virginia because "the appeal was not perfected in the manner provided by law as the appellant failed to comply with the requirements of Rule 5:17(c)(1)(i)" and because "the assignments of error in the petition for appeal are insufficient." Spears v. Commonwealth, R. No. 121671 (Va. Feb. 11, 2013).

Petitioner reiterated the same three claims he raised on direct appeal in an application for a state writ of habeas corpus to the Supreme Court of Virginia. On April 30, 2013, the Court dismissed the petition "upon applying the rule in Henry v. Warden, Riverside Regional Jail, 265 Va. 246, 576 S.E.2d 495 (2003)." Spears v. Dir., Dep't of Corr., R. No. 130506 (Va. Apr. 30, 2013). In Henry, the Court held that "a non-jurisdictional issue raised and decided either in the trial [court] or on direct appeal from the criminal conviction will not be considered in a habeas

corpus proceeding." 576 S.E.2d at 496.

Petitioner then turned to the federal forum and filed this application for relief pursuant to § 2254, again raising the three claims he first urged on his direct appeal. As noted above, petitioner was provided with an opportunity to show cause why his claims should not be dismissed as procedurally barred by Order dated May 20, 2013, and petitioner has filed a response.

## II. Procedural Bar

Petitioner's claims are procedurally defaulted from federal review. As a general rule, a federal petitioner must first exhaust his claims in state court, and failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

This does not end the exhaustion analysis, however, because "[a] claim that has not been

3

presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

Here, when petitioner presented his claims on direct appeal, the Court of Appeals of Virginia rejected the first claim on the merits and declined to consider claims two and three due to deficiencies in petitioner's assignments of error. Spears, supra, R. No. 2116-11-4. The Supreme Court of Virginia declined to review that determination because petitioner's "appeal was not perfected in the manner provided by law as [he] failed to comply with the requirements of Rule 5:17(c)(1)(i)" and because "the assignments of error in the petition for appeal are insufficient." Spears, supra, R. No. 121671. When petitioner reiterated the claims in an application for a state writ of habeas corpus to the Supreme Court of Virginia, the Court dismissed the petition on the authority of Henry, 576 S.E.2d at 496, which precludes consideration in a habeas corpus proceeding of any non-jurisdictional issue that was raised and decided in the trial court or on direct appeal. Thus, the claims petitioner now brings before this Court have never been reviewed by the Supreme Court of Virginia.

Moreover, although petitioner did not properly present his claims to the Supreme Court of Virginia, they are nonetheless treated as simultaneously exhausted and procedurally defaulted because petitioner is now precluded from raising them in state court. Specifically, the claims are procedurally defaulted under Virginia Code § 8.01-654(B)(2), which bars successive state habeas petitions. Therefore, the instant claims are simultaneously exhausted and defaulted for purposes

of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In the Motion of Show Cause filed in response to the Court's May 20 Order, petitioner recounts the procedural history of his case and essentially argues that the claims he presents here are meritorious. To the extent that this argument might be generously construed as an attempt to demonstrate his actual innocence, petitioner's assertions fall short. In Schlup v. Delo, 513 U.S. 298, 327 (1995), the Supreme Court addressed the question of whether a habeas corpus petitioner could use a contention of actual innocence to excuse the procedural default of a claim and enable the court to review the claim on the merits. The Court in that case held that the evidence necessary to make a showing of actual innocence must be "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup, 513 U.S. at 324; see Sharpe v. Bell, 593 F.3d 372 (4th Cir. 2010). Subsequently, in House v. Bell, 528 U.S. 1000, 1011 (2006), the Court reiterated its holding in Schlup that a prisoner asserting actual innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror

would have found petitioner guilty beyond a reasonable doubt." "The Schlup mandate thus ensures that a gateway actual innocence assertion must be 'truly extraordinary.'" Wolfe v. Johnson, 565 F.3d 140, 164 (4th Cir. 2009).

Here, pursuant to these authorities, petitioner's apparent reliance on actual innocence to excuse the procedural default of his federal claims does not meet this stringent test. In support of his assertion of actual innocence, petitioner points only to what he characterizes as discrepancies in evidence and testimony that either was or could have been presented at trial. Thus, this evidence is not "new." Moreover, the quality of the evidence to which petitioner points falls short of making it appear "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Cf. Schlup, 513 U.S. at 327. Petitioner thus fails to make a credible showing of actual innocence, and his claims are procedurally barred from consideration on the merits.

### III. Conclusion

For the foregoing reasons, this application for habeas corpus relief must be dismissed with prejudice as procedurally defaulted. An appropriate Order shall issue.

Entered this 19th day of June 2013.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge